J-S02022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIANO OLIVO | |
| Appellant | No. 1002 EDA 2015 |

Appeal from the Judgment of Sentence March 3, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003012-2009

BEFORE: SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 12, 2016**

After Defendant Mariano Olivo repeatedly violated his parole and probation, he was re-sentenced to 6-12 months' incarceration. Olivo now appeals from his judgment of sentence entered in the Court of Common Pleas of Lehigh County. Counsel has filed a petition to withdraw on appeal, pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we grant counsel's request to withdraw and affirm Olivo's judgment of sentence.

Olivo originally pled guilty to one count of possession of a controlled substance and two counts of endangering the welfare of a child in September 2009; he was sentenced to 5 years of probation. From March 2011 through December 2014, Olivo continuously violated his probation and parole. Most recently, in March 2015, Olivo violated his probation and was

resentenced to 6-12 months' incarceration which was to run consecutively to a 4-8 year burglary sentence that he has been serving since February 2015. Olivo filed an unsuccessful motion for reconsideration. This timely appeal follows.

On appeal, Olivo presents the following question for our review:

> Whether the lower court abused its sentencing discretion[1] when, after determination [sic] that the defendant had violated his probation, the court sentenced him to [a] consecutive term of imprisonment in a state correctional institution?[2]

In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:

> (1)    provide a summary of the procedural history and facts, with citations to the record;

_____

[1] Under Pennsylvania law, sentencing is a "matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa. Super. 2006) (quoting **Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa. Super. 2005)). An abuse of discretion requires more than the showing of a mere error in judgment; rather, an appellant must demonstrate that the trial court was "manifestly unreasonable" or exercised judgment that was the result of "partiality, prejudice, bias, or ill-will." **Commonwealth v. Griffin**, 804 A.2d 1, 7 (Pa. Super. 2002).

[2] Counsel's brief also lists as an issue "[m]ay appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the **Anders** case?" Because this inquiry is mandated when our Court is faced with a petition to withdraw, we have not listed it as a separate issue above.

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citing

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (2009)).

Our review of counsel's application to withdraw, supporting documentation, and *Anders* brief reveal that counsel has complied with the requirements set forth in *Daniels* and *Santiago*. Counsel has also furnished a copy of the brief to Olivo, advising him of his right to proceed *pro se* or raise any additional points that he deems worthy of the court's attention. Accordingly, we will now turn to the issue counsel stated arguably supports the appeal.

Olivo claims that the court abused its discretion by sentencing him to a consecutive, rather than a concurrent, sentence which results in him having to serve time in a state correctional facility, rather than a county jail. Olivo's issue raises a discretionary aspect of sentencing claim. It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002). To challenge the discretionary aspects of a sentence, the defendant must first raise that claim at the sentencing hearing or in a post-sentence motion. Pa.R.A.P. 302; *Commonwealth v. Dodge*, 859 A.2d 771 (Pa. Super. 2004). Next, the

defendant must "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f); *Commonwealth v. Tuludziecki*, 522 A.2d 17, 19 (Pa. 1987). Finally, a defendant must also demonstrate a substantial question by setting forth "a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Moore*, 617 A.2d 8, 11 (Pa. Super. 1992).

Instantly, Olivo raised his discretionary aspect of sentencing claim by including it in his motion to modify sentence; therefore, he has complied with Rule 302 and *Dodge*. However, we note that, generally, a trial court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal. *Commonwealth v. Marts*, 889 A.2d 608 (Pa. Super. 2005). In fact, only in extreme cases where the imposition of consecutive sentences amounts to an aggregate sentence that is unduly harsh will such an issue be considered to raise a substantial question. *Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010).

Here, Olivo's aggregate sentence, when viewed in the context of the entire history of his criminal transgressions, is not so unduly harsh that we find he has raised a substantial question on appeal. However, even if we did find that it raised a substantial question, we do not believe that the trial court's sentence was an abuse of discretion. *Ferguson*, *supra*. Upon

sentencing following a revocation of probation, the court is limited only by the maximum sentence that it could have originally imposed. ***Commonwealth v. Coolbaugh***, 770 A.2d 788 (Pa. Super. 2001). Moreover, once probation is revoked, a sentence of total confinement may be imposed if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S. § 9711(c).

In the present case, there is no question that the court was justified in making Olivo's probationary sentence consecutive to his prior burglary sentence. As the trial court recognizes, this was Olivo's *third* probation violation. Moreover, by serving his sentence in a state correctional institution, it is more likely that Olivo will receive proper treatment for his recurring drug problems, which, in turn, may reduce the likelihood of his reoffending.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016